**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**ANDRES REYES,**<br><br>Defendant. | Criminal No. 26-065 (MAJ) (MBA) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RE: RULE 11(b)GUILTY PLEA HEARING**

**I.      Procedural Background**

On December 18, 2025, defendant Andres Reyes was charged in a one-count complaint. An information for the same charge was filed on February 19, 2026. He agrees to plead guilty to that count.

Count One charges that on or about December 17, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, Andres Reyes, who is an alien as the term is defined in Title 8 United States Code Section 1101(a)(3), and who has been previously removed from the United States, was found in the United States without obtaining prior to his re-embarkation at a place outside the United States, the express consent of the Secretary of Homeland Security to reapply for admission into the United States all in violation of Title 8, United States Code, Section 1326(a).

Defendant appeared before me on February 19, 2026, since the Rule 11 hearing was referred by the Court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he would subject himself to possible charges of perjury or making a false statement.

1

**II.     Consent to Proceed Before a Magistrate Judge**

Defendant was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge. He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge.  He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge.  The defendant then voluntarily consented to proceed before a magistrate judge.

**III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations.   Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).  "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understand of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244 (1st Cir. 1991)).

  **A.    Competence to Enter a Guilty Plea**

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer, and comprehend the change of plea colloquy. The court confirmed that the defendant

received the information and fully discussed the charges with his counsel and was satisfied with the advice and representation he received. The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that the defendant was competent to plead and fully aware of the purpose of the hearing.

### B. <u>Maximum Penalties and Consequences of Guilty Plea</u>

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely: as to Count One, a sentence of not more than two years, a fine not to exceed $250,000.00, and a term of supervised release of not more than one year. The defendant also understood that a Special Monetary Assessment of $100.00 per count would be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, <u>United States Code</u>, Section 3013(a). The court explained the nature of supervised release and the consequences of revocation. The defendant was advised that the court may also impose a forfeiture order. The defendant indicated that he understood the maximum penalties and the potential consequences of his guilty plea.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. The defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing. The defendant was further admonished that his guilty plea, if accepted, may deprive him of valuable civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant also confirmed that he was aware that his guilty plea, if accepted, may result in negative immigration consequences such as removal, deportation, and prohibition of re-entry to the United States. The defendant

3

confirmed that he understood these consequences of his guilty plea.

### C.     Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on his behalf.  He was further informed that if he decided not to testify or put on evidence at trial, his failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty. The defendant specifically acknowledged understanding these rights and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.

### D.     Factual Basis for the Guilty Plea

Defendant was read in open court Count One of the information and provided an explanation of the elements of the offenses. Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offenses charged in Count One and the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt. The defendant was able to understand this explanation and admitted to the elements of the offenses which could have been presented at trial.

### E. <u>Voluntariness</u>

The defendant indicated that he was not being induced to plead guilty, was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered him a thing of value in exchange for his plea. He acknowledged that no one had made any promises in exchange for his guilty plea. Throughout the hearing the defendant was able to consult with his attorney.

## IV. <u>Conclusion</u>

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the information.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Andres Reyes, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with fully knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the information.

This report and recommendation is filed pursuant to Title 28, <u>United States Code</u>, Section 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by

the district court. <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing is set for May 20, 2026 at 9:30am before Judge Antongiorgi-Jordán.**

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico this February 20, 2026.

*s/ Mariana E. Bauzá-Almonte*
MARIANA E. BAUZÁ-ALMONTE
United States Magistrate Judge
